[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The apportionment defendant, City of Stamford (hereinafter "the defendant"), has filed a motion to dismiss the apportionment plaintiffs, Staci and Susan Fine's, apportionment complaint. The defendant bases its motion on two grounds. 1) that "apportionment can only lie against a party whose claimed responsibility is based on negligence" and here, "the claimed responsibility of the [c]ity . . . can only be based on [General Statutes]13a-149 . . . which is not based on negligence[;]" and 2) the apportionment complaint was not filed within two years of the CT Page 6514 claimed injury as is required by General Statutes § 13a-149.
"The grounds which may be asserted in [a motion to dismiss] are: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; and (5) insufficiency of service of process." Zizka v. Water Pollution Control Authority,195 Conn. 682, 687, 490 A.2d 509 (1985), citing Practice Book § 143, now Practice Book (1998 Rev.) § 10-31.
The first issue presented is simply whether a defendant may seek apportionment of liability against a municipality,[1] when the defendant relies, in its apportionment complaint, upon General Statutes § 13a-149. There is no appellate authority regarding this issue.[2]
At the superior court level, courts are split regarding whether a defendant may seek apportionment of liability against a municipality when invoking General Statutes § 13a-149. See McGuinessv. Town of Hamden, Superior Court, judicial district of New Haven at New Haven, Docket No. 401629, 21 CONN. L. RPTR. 289 (Jan. 28, 1998) (Silbert, J.) (General Statutes § 52-102b "is inapplicable to proceedings under [General Statutes § 13a-149.]"); Ortiz v.Clemmons, Superior Court, judicial district of Danbury at Danbury, Docket No. 325799, 20 CONN. L. RPTR. 690 (Nov. 4, 1997, Stodolink, J.) ("[T]he defendant's apportionment complaint is stricken, as the city of Danbury cannot be made an apportionment party under § 52-102b
or the defective highway statute, § 13a-149."); Bradley v.Randall, supra, Superior Court, Docket No. 052173 ("The town argues that a municipality can never be an apportionment defendant based on allegations of injuries caused by a defective highway. The court agrees."). But see Theriault v. The Star of the Sea Church,
Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 477915, 20 CONN. L. RPTR. 535 (Sept. 15, 1997, Stengel, J.) ("This court agrees that [General Statutes] § 52-572h
allows for apportionment among parties against whom recovery may not be allowed."); Quiroz v. Bienvenida, Superior Court, judicial district of Waterbury, Docket No. 126133, 17 CONN. L. RPTR. 110 (May 13, 1996, Pellegrino, J.) ("Here the defendant is attempting to limit its own liability by seeking to apportion it with the City, which is permissible under Tort Reform II.")
This court aligns itself with, and adopts the reasoning of those courts holding that a defendant may not attempt to apportion liability against a municipality under General Statutes CT Page 6515 § 13a-149.
The negligence complained of by the defendant against the city is the failure to properly maintain a traffic light at the situs of the underlying accident. Such a defect falls within the scope of General Statutes § 13a-149. Sanzone v. Board ofPolice Commissioners, 219 Conn. 179, 203, 592 A.2d 912 (1991). And, General Statutes § 13a-149 is the exclusive remedy against a municipality for injuries arising from a highway defect. See General Statutes § 52-557n ("[N]o cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to section 13a-149.").
Here, the only claim available to the defendants against the city regarding the defective traffic light is under General Statutes § 13a-149. The court having concluded that a §13a-149 claim may not be brought against a municipality by way of an apportionment complaint, finds the city is immune from liability, under General Statutes § 52-557n, for injuries arising from the defendant's allegations of a defective traffic light.
"[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." (Internal quotation marks omitted.) FederalDeposit Ins. Corp. v. Peabody, N.E., Inc., 239 Conn. 93, 99,680 A.2d 1321 (1996). The court is without jurisdiction over the apportionment complaint. The apportionment defendant's motion to dismiss, therefore, is granted.
D'ANDREA, J.